IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| RYAN W. GURLEY, | ) | |
| Plaintiff, | ) | Case No. 7:23-cv-00522 |
| | ) | |
| v. | ) | |
| | ) | By: Michael F. Urbanski |
| SCOTT COUNTY CIRCUIT COURT, | ) | Chief United States District Judge |
| et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Ryan W. Gurley, an inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983. The case is presently before the court for review under 28 U.S.C. § 1915A(a). Having reviewed the complaint, the court concludes that it must be dismissed for failure to state a claim against the named defendants.

### Background

At the time this action was filed, Gurley was incarcerated at a regional jail in Duffield, Virginia.[1] Compl., ECF No. 1, at 1. Gurley alleged that he was "being held on dismissed charges" and that his "state appointed representation lied to [him and] knowingly lied to the courts." Id. at 2. He named as defendants the Scott County Circuit Court; the "Duffield Regional Jail"; and his court-appointed attorney. Id. at 1.

### Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or an officer or employee of a governmental entity. 28

---

[1] Gurley recently notified the court of his release from incarceration and provided a new address. ECF No. 9.

U.S.C. § 1915A(a). The court must dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## Discussion

Gurley commenced this action by filing a form complaint for use by inmates seeking to assert claims under 42 U.S.C. § 1983. Section 1983 imposes liability on any "person" who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Having reviewed the complaint in accordance with the applicable law, the court concludes that it fails to state a plausible claim for relief under § 1983 against any of the named defendants.

"[I]t is well settled that a state court is not a 'person' subject to suit under § 1983." Bradley v. Commonwealth, 7:19-cv-00253, 2019 WL 1460921, at *2 (W.D. Va. Apr. 2, 2019) (citations omitted). The same is true for local correctional facilities. See McCoy v. Chesapeake Corr. Ctr., 788 F. Supp. 890, 893 (E.D. Va. 1992) (holding that local jails are "not persons

under § 1983"). Consequently, neither the Scott County Circuit Court nor the jail in Duffield is a proper defendant in this § 1983 action.[2]

As for the remaining defendant, Gurley's court-appointed attorney, he has failed to allege facts from which the court could conclude that the attorney acted under color of state law. "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (internal quotation marks and citations omitted). Moreover, an attorney, whether retained or appointed by the court, does not act under color of state law when performing traditional functions as counsel. See Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980) (holding that a § 1983 action against a state-appointed attorney was subject to dismissal "for want of state action"); Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976) (holding that a "private attorney who is retained to represent a criminal defendant is not acting under color of state law, and therefore is not amenable to suit under § 1983") (emphasis in original). Accordingly, Gurley's allegations against his court-appointed attorney fail to state a claim under § 1983.[3]

---

[2] The court notes that the jail in Duffield is operated by the Southwest Virginia Regional Jail Authority. Municipal jail authorities and other local government entities can be held liable under § 1983 only if the plaintiff shows that the entity's policy or custom was a "moving force" behind a constitutional violation. Polk Cnty. v. Dodson, 454 U.S. 312, 326 (1981); see also Lytle v. Doyle, 326 F.3d 463, 471 (4th Cir. 2003) ("Only in cases where the municipality causes the deprivation through an official policy or custom will liability attach.") (internal quotation marks and citation omitted). Gurley does not allege that any official policy or custom of the jail authority was responsible for the deprivation of which he complains. Thus, to the extent that Gurley intended to name the jail authority as a defendant, his complaint fails to state a cognizable claim against that entity.

[3] The court expresses no opinion as to whether Gurley may be able to plead a viable claim for legal malpractice under Virginia law against this defendant. To the extent that Gurley intended to assert claims under state law, the court declines to exercise supplemental jurisdiction over those claims. See 28 U.S.C. § 1367(c)(3). Gurley may pursue any claims under Virginia law in the appropriate state court.

3

## Conclusion

For the foregoing reasons, the court concludes that Gurley's civil rights complaint under § 1983 must be dismissed for failure to state a claim against the named defendants. An appropriate order will be entered.

Entered: November 6, 2023

Digitally signed by Michael F. Urbanski
Chief U.S. District Judge
Date: 2023.11.06 15:25:09 -05'00'

Michael F. Urbanski
Chief United States District Judge